UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RUSSELL GRANT FINNEGAN,            )
      Plaintiff,                                )
                                                       )
v.                                                    )  CAUSE NO.: 3:24-CV-538-JVB-AZ
                                                       )
GEORGE P. SHERMAN, *et al.*,         )
      Defendants.                           )

## OPINION AND ORDER

Russell Grant Finnegan, a prisoner without a lawyer, filed a complaint. (ECF 2). Under 28 U.S.C. § 1915A, the Court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must give a pro se complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Finnegan alleges Deputy Attorney General George P. Sherman filed an appellee brief on August 29, 2022, in Finnegan's criminal appellate case that contained confidential information. Specifically, he claims Attorney Sherman "spoke of the details" of his competency evaluations by quoting from two physicians' reports as follows: "outside of a possible personality disorder," "indications of underlying suspiciousness and distrust of others," "was more likely to be part of his personality and views of the world" [rather than a mental illness], "likely to be challenging to

work with," "cause difficulties in his interactions with others." (ECF 2 at 2); *see also Finnegan v. State*, cause no. 22A-CR-01131 (Appellee Brief Filed Aug. 29, 2022), available online at: https://public.courts.in.gov/mycase (last visited Jul. 15, 2024). Finnegan claims Attorney Sherman violated his rights by publicly filing the brief because there is a "constitutional interest in avoiding disclosure of personal matters" and a "qualified constitutional right to the confidentiality of medical records." (ECF 2 at 2).[1]

On November 14, 2022, Finnegan filed a complaint against Attorney Sherman with the Indiana Supreme Court Disciplinary Commission. On June 9, 2023, Finnegan received a letter from Adrienne L. Meiring, the Executive Director of the Indiana Disciplinary Commission, stating that the "matter did not raise a substantial question of misconduct under the Indiana Rules of Professional Conduct that would warrant disciplinary action and complaint has been dismissed." *Id*. at 3. Finnegan claims she has a "fiducial capacity of trust in the interests of the public of the State of Indiana," and that she breached it, along with violating his due process rights, by dismissing his complaint. *Id*. at 3-4.

Finnegan states he has been "embarrassed and damaged in my person socially emotionally and financially." *Id*. at 5. He has sued Attorney Sherman, Director Meiring, and the State of Indiana for "punitive and exemplary damages." *Id*. at 6. He has also requested injunctive relief in the form of ordering the "Indiana Clerk of Appellate Courts to withdraw and/or redact George P. Sherman's brief from public record." *Id*.[2]

"In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under

---

[1] He also references due process, equal protection, Indiana Code 16-39-3-10, a breach of fiduciary duty and trust, intentional negligence, and invasion of privacy.

[2] However, he acknowledges, "that's not going to matter now with the filing of this complaint." (ECF 2 at 6).

2

color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). The Supreme Court has acknowledged a general constitutional right to privacy of information under the Due Process Clause of the Fourteenth Amendment, but "its contours continue to be refined." *See Franklin v. McCaughtry*, 110 Fed. Appx. 715, 718-19 (7th Cir. 2004) (citing *Whalen v. Roe*, 429 U.S. 589, 599-600 (1977) and *Denius v. Dunlap*, 209 F.3d 944, 956 (7th Cir. 2000)). "Prisoners, though, at best have very limited privacy rights, and [the Seventh Circuit has] not previously held in a published opinion that they enjoy a constitutional right to privacy in their medical information." *Id*. at 719 (citing *Anderson v. Romero*, 72 F.3d 518, 522-23 (7th Cir. 1995) and *Massey v. Helman*, 196 F.3d 727, 742 n. 8. (7th Cir. 1999)). Instances where such a right has been upheld in other circuits include "the purposeful dissemination of intensely private medical information about the complaining inmates" such as HIV-positive status. *Id*. (citations omitted).

Finnegan's detailed medical records were not publicly disclosed; rather, short descriptions of his personality traits from the doctors' competency examinations were set forth in the appellee brief for the purpose of describing the history of the case in the context of trial delays. It was noted that neither doctor determined he had a "mental health disorder" or "mental illness" and that he was ultimately found competent to stand trial. *See Finnegan v. State*, cause no. 22A-CR-01131 (Appellee Brief Filed Aug. 29, 2022, at pp. 7–8), available online at: https://public.courts.in.gov/mycase (last visited Jul. 15, 2024). Importantly, nothing in the state court record suggests Finnegan's appellant counsel objected to the inclusion in the brief or sought to have it sealed in that case after it was filed. Accordingly, this Court cannot find Finnegan's right to privacy under the Constitution was violated.[3]

---

[3] To the extent Finnegan is attempting to allege a violation of HIPAA, that claim fails because the Seventh Circuit has specifically held that "HIPAA confers no private right of action." *Stewart v. Parkview Hosp*., 940 F.3d 1013, 1015 (7th Cir. 2019). Similarly, to the extent Finnegan is attempting to bring a federal suit pursuant to Indiana Code 16-29-3-10, he may not do so here. *See Wozniak v. Adesida*, 932 F.3d 1008, 1011 (7th Cir. 2019) ("[A] constitutional suit is not a

Additionally, as to Attorney Sherman, "[p]rosecutors are absolutely immune from suits for monetary damages under § 1983 for conduct that is 'intimately associated with the judicial phase of the criminal process.'" *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). "[A]bsolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Id*. (internal quotation marks and citation omitted). Filing a brief in a criminal appellate case certainly falls within this scope, so Attorney Sherman is immune from suit.

With regard to Director Meiring, Finnegan does not allege she disclosed any of his medical information. Rather, he complains about the fact that she dismissed the disciplinary complaint he filed against Attorney Sherman. This is not a constitutional violation. Moreover, because Finnegan's claims solely involve Director Meiring's actions and performance as Executive Director of the Indiana Disciplinary Commission, she is subject to "quasi-judicial absolute immunity." *See Kissell v. Breskow*, 579 F.2d 425, 430–32 (7th Cir. 1978); *see also Ditkowsky v. Stern*, 581 Fed. Appx. 571, 572-73 (7th Cir. 2014) (finding that the Administrator of the Attorney Registration and Disciplinary Commission of Illinois was subject to quasi-judicial absolute immunity).

Finnegan has sued the State of Indiana, but the Eleventh Amendment provides that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Burrus v. State Lottery Commn. of Ind*., 546 F.3d 417, 419-20 (7th Cir. 2008) (internal quotation marks and citation omitted). "In addition, the Supreme Court has

---

way to enforce state law through the back door."); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (observing that "42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . departmental regulations"); *Conner v. Hoem*, 768 Fed. Appx. 560, 564 (7th Cir. 2019) ("In any case, the Constitution does not require state actors to enforce their own policies and regulations.") (citing *Garcia v. Kankakee Cty. Hous. Auth*., 279 F.3d 532, 535 (7th Cir. 2002)).

held that state agencies, as arms of the state, are immune from suit under the Eleventh Amendment." *Id*. (citations omitted); *see also de Lima Silva v. Dep't of Corr.*, 917 F.3d 546, 565 (7th Cir. 2019). Thus, Finnegan's claims against the State of Indiana must be dismissed.[4]

Finnegan also expressly states he is pursuing state law tort claims of negligence, invasion of privacy, breach of fiduciary duty and trust against Attorney Sherman and Director Meiring "in their individual capacities." (ECF 2 at 5). However, his state law claims trigger application of the Indiana Tort Claims Act (ITCA). Ind. Code § 34-13-3 *et seq*. The ITCA prohibits tort suits against government employees personally for conduct within the scope of their employment. *See* Ind. Code § 34-13-3-5(b); *see also Katz-Crank v. Haskett*, 843 F.3d 641, 648 (7th Cir. 2016) ("[T]he Indiana Tort Claims Act confers on public employees a broad immunity from suit for acts committed within the scope of their employment."); *Ball v. City of Indianapolis*, 760 F.3d 636, 645 (7th Cir. 2014) ("Under the Indiana Tort Claims Act, there is no remedy against the individual employee so long as he was acting within the scope of his employment."). "If an alleged action is within the general scope of an individual's authority, it is authorized within the meaning of the Tort Claims Act, regardless of whether it was done negligently or with improper motive." *Reiner v. Dandurand*, 33 F. Supp. 3d 1018, 1033 (N.D. Ind. 2014) (cleaned up). It is clear from Finnegan's complaint that the defendants were acting within the scope of their employment when Attorney

---

[4] To the extent he seeks injunctive relief in the form of ordering the Indiana state court to withdraw the brief from the public record, as noted above, he has not stated a constitutional claim or an ongoing violation of federal law for which such injunctive relief would be appropriate. *See Verizon Maryland, Inc. v. Pub. Serv. Commn. of Maryland*, 535 U.S. 635, 645 (2002) ("In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of *federal* law and seeks relief properly characterized as prospective.") (internal quotation marks and citation omitted; emphasis added).

Sherman filed the appellee brief and Director Meiring processed the disciplinary case. Under state law, they are both shielded from personal liability. *Ball*, 760 F.3d at 645.[5]

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). In this case, the complaint sues defendants who are immune from suit and brings legally frivolous claims. The court finds no basis to conclude that, if given another opportunity, Finnegan could state a plausible constitutional claim, consistent with the allegations he has already made.

For these reasons, the court **DISMISSES** this case pursuant to 28 USC § 1915A because Russell Grant Finnegan has sued defendants who are immune from suit and because he has not stated any plausible claims.

SO ORDERED on July 17, 2024.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN, JUDGE  
UNITED STATES DISTRICT COURT

---

[5] To the extent Finnegan is attempting to assert some sort of tort directly against the State of Indiana, this Court declines to exercise supplemental jurisdiction and dismisses any such claims without prejudice. *See* 28 U.S.C. § 1367; *Doe-2 v. McLean County Unit Dist. No. 5 Bd. of Dirs.*, 593 F.3d 507, 513 (7th Cir. 2010).